1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   GLORIA SALTER,
                                    NO. CIV. S-04-29 LKK/DAD
12
             Plaintiffs,
13
         v.                              O R D E R
14
     ANTHONY J. PRINCIPI; and
15   U.S. DEPARTMENT OF VETERAN'S
     AFFAIRS,
16
             Defendants.
17   _____/

18       In an order dated May 16, 2005, the court ordered

19   plaintiff to show cause in writing why sanctions should not issue

20   for failure to file a timely opposition in accordance with Local

21   Rule 78-230.   The court is in receipt of plaintiff counsel's

22   response.   No good cause being shown, counsel for plaintiff is

23   SANCTIONED in the amount of one hundred and fifty ($150.00)

24   dollars.   This sum shall be paid to the Clerk of the Court no later

25   than thirty (30) days from the effective date of this order.

26   ////

                                    1

1  Counsel shall file an affidavit accompanying the payment of this

2  sanction which states that it is paid personally by counsel, out

3  of personal funds, and is not and will not be billed, directly or

4  indirectly, to the client or in any way made the responsibility of

5  the client as attorneys' fees or costs.

6      In the May 16, 2005 Order, the court also continued the May

7  23, 2005 law and motion date to June 13, 2005.  In addition to the

8  response to the Order to Show Cause, counsel for plaintiff has

9  requested an extension of time to respond to defendant's motion for

10 summary judgment, explaining to the court that he only learned of

11 the filing of the motion last Thursday, May 19, 2005, when he ran

12 into defense counsel at the courthouse.  He explains that this late

13 notification was due to a change in his e-mail address which is not

14 on file with the court.

15     No good cause have been shown, the court would ordinarily deny

16 such a request.[1]  Despite plaintiff's counsel's lack of diligence,

17 given the potential prejudice to his client, the hearing on the

18 motion for summary judgment presently before the court is CONTINUED

19

20     [1] Plaintiff's counsel is directed to Local Rule 83-182(f).
   The court emphasizes that it is counsel's responsibility to keep
21 the court apprised of his current e-mail address.  The court is
   also compelled to note that it looks with skepticism upon
22 plaintiff's counsel's explanation that he failed to receive the
   summary judgment motion because his e-mail address,
23 RKWerner@iwincases.net, did not allow for his receipt of the motion
   for summary judgment.  The court's own investigation reveals that
24 plaintiff's counsel updated his e-mail address with the court to
   RKWerner@iwincases.net on March 2, 2005, and that since that time
25 the court has received no "bounced back" messages on that
   particular address, strongly suggesting that plaintiff's counsel
26 has received and continues to receive notices from the court and
   other parties.

1   to July 18, 2005 where it will be called on the court's regularly

2   scheduled Law and Motion Calendar, beginning at 10:00 a.m. In

3   addition, the court makes the following ORDERS:

4       1.  Plaintiff shall electronically file and serve any

5   opposition papers to defendant's motion for partial summary

6   judgment by no later than June 24, 2005.

7       2.  Defendant shall electronically file and serve any reply

8   to plaintiff's opposition by no later than July 1, 2005.

9       3.  All parties shall e-mail a copy of their briefs in Word

10  or Wordperfect format to Tim Hinkle, Judicial Assistant, at

11  thinkle@caed.uscourts.gov.

12      IT IS SO ORDERED.

13      DATED:  May 27, 2005.

14
                                    /s/Lawrence K. Karlton
15                                  LAWRENCE K. KARLTON
                                    SENIOR JUDGE
16                                  UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

3